deed to her grantor. It appears, however, that Houghtaling, to whom Mrs. French, the common grantor, deeded the northerly portion of the premises, with the right to use the halls located upon the southerly half, for a number of years paid rent for the use of said halls, in connection with having the same cleaned, to the defendant, and it is claimed that such action on his part amounted to a release or relinquishment of such easement. The trial court refused to find, notwithstanding that single circumstance, that said Houghtaling did or intended to abandon such easement; and I think such finding would not have been justified by the evidence. No formal agreement to surrender it was proven, and the fact that Houghtaling conveyed such easement to his grantee, Fahy, in the words of the deed to him almost conclusively establishes that he did not understand that he had released the same. The easement in question was acquired by deed, and the rule is that such an easement can only be extinguished by grant or adverse possession. Smyles v. Hastings, 22 N. Y. 217.

In Welsh v. Taylor, 134 N. Y. 450, 31 N. E. 896, 18 L. R. A. 535, the headnote is as follows:

"One who acquires title by deed to an easement appurtenant to land has the same right of property therein as he has in the land, and his title will not be affected by nonuser, unless there is shown against him some adverse possession or loss of title in some of the ways recognized by law."

It is not pretended that any of the acts of Houghtaling which it is claimed amounted to an abandonment of the easement ever came to the knowledge of the plaintiff. His deed, which was duly recorded, showed him the owner of such easement. His conveyance to her grantor, Fahy, which was also recorded, showed that such easement was conveyed precisely as the rest part of the premises, and by her lease she became entitled to enjoy during her natural life the entire interest which Fahy had in said premises. The right to use the halls, etc., was an easement which ran with the land, and was in no sense a license. G. L. & P. J. R. R. Co. v. N. Y. & G. L. R. R. Co., 134 N. Y. 435, 439, 440, 31 N. E. 874; Dexter v. Beard, 130 N. Y. 549, 29 N. E. 983.

These suggestions, we think, answer the main questions presented by this appeal, and upon the merits there can be no doubt but that the judgment is right. It is not too broad in our opinion. Indeed, the court below would have been justified in granting to the plaintiff the right to use said halls, etc., with even fewer restrictions!

The exceptions to which attention is called in appellant's brief do not present error, and certainly not so as to require a reversal. The judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs. All concur.

---

### DAVIDSON v. CANNABIS MFG. CO.

(Supreme Court, Appellate Division, Second Department. June 15, 1906.)

1. SPECIFIC PERFORMANCE—CORPORATIONS—CONTRACTS—SALE OF REAL ESTATE.
    Where a corporation whose business was that of holding and selling real estate contracted for the sale of land to plaintiff, which contract was in the name of the corporation, signed by its president and secretary in their

official capacities, and sealed with the corporate seal, the transaction being practically identical with all other transactions of the corporation, which were either approved or not disturbed by the directors during several years, such president and secretary being held out to the public as authorized to transact the business of the corporation, and the $1,000 paid on the contract by plaintiff being accepted and retained by the treasurer or assistant treasurer of the corporation for more than one month, plaintiff was entitled to specific performance of the contract.

2. SAME—JUDICIAL DISCRETION.

Specific performance is a matter resting in sound judicial discretion.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Specific Performance, §§ 17, 18.]

Appeal from Special Term, Kings County.

Action by David Davidson against the Cannabis Manufacturing Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and GAYNOR, JJ.

Hector M. Hitchings, for appellant.

Benjamin F. Feiner (Louis Salant, on the brief), for respondent

WOODWARD, J. It appears that the defendant corporation is organized under the law of New Jersey ostensibly as a manufacturing or business corporation, but that practically its only business has been that of holding and selling real estate. It also appears that substantially all of the stock of this corporation is owned by another corporation, the president of the two corporations being the same individual at the time the contract in suit was made. This is of no material bearing, except as bearing upon the theory of the defense, which is that the transaction between the plaintiff and the defendant is void, because of a lack of authority on the part of the president and secretary of the defendant to enter into the contract. This contract was for the sale of certain premises in the borough of Brooklyn, and was made and entered into in the name of the corporation, the contract being signed by the president and secretary in their official capacities, and the same being sealed with the corporate seal; the transaction being practically identical with all other transactions of the corporation, which were either approved or not disturbed by the board of directors during a period of several years.

We have carefully examined the record in the light of the elaborate discussion of counsel, and we are unable to discover any reason why the judgment of the court at Special Term should be disturbed. The plaintiff, so far as the evidence discloses, entered into a contract for the purchase of the premises, dealing with the principal officers of the corporation, who were held out to the public as being authorized to transact the business of the corporation. He paid $1,000 upon such contract, and this payment was accepted and retained by the treasurer or assistant treasurer of the corporation for more than one month, and when a new board of directors was chosen this $1,000 was tendered to the plaintiff, and the defendant refused to complete the transfer of the property. We know of no rule of law or equity which would permit a corporation thus entering into a contract within the scope of its apparent and conceded powers to repudiate such a contract, and while

it is true that specific performance is a matter resting in sound judicial discretion, we are convinced that, under the facts as they appear in this case, it would have been a denial of substantial justice to refuse the plaintiff the relief which he demands, and which the judgment grants.

The judgment appealed from should be affirmed, with costs. All concur.